HOLMBERG v 54-A JUDICIAL DISTRICT JUDGE

1. CONSTITUTIONAL LAW—SIXTH AMENDMENT RIGHTS—RIGHT TO COUNSEL—CRIMINAL LAW— INTOXICATING LIQUORS—DRUNK DRIVING—BREATHALYZER—FAIR TRIAL.

Denial to a drunk-driving suspect of the right to have counsel present prior to administration of a Breathalyzer test or to consult with counsel before deciding whether to submit to the test is not a violation of the suspect's Sixth Amendment rights, since there is minimal risk that counsel's absence or the fact that counsel could not be consulted before a decision was made to submit or not to submit to the test might derogate from the accused's right to a fair trial on the charge of driving under the influence of intoxicating liquor.

2. AUTOMOBILES—IMPLIED CONSENT LAW—DRUNK DRIVING—BREATHA-LYZER TEST—COUNSEL—POLICE PRACTICE.

It is commendable police practice to allow a drunk driving suspect to telephone counsel prior to administration of a Breathalyzer test.

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 March 6, 1975, at Lansing. (Docket No. 19921.) Decided April 28, 1975. Leave to appeal denied, 394 Mich 838.

Complaint by Theodore W. Holmberg, Jr., against Michael F. Cavanagh, 54-A Judicial District Judge, for an order of superintending control.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 260, 332–334.

21 Am Jur 2d, Criminal Law §§ 313, 314.

Accused's right to counsel under the Federal Constitution—Supreme Court cases. 2 L ed 2d 1646, s. 9 L ed 2d 1260.

Accused's constitutional right to assistance of counsel. 84 L ed 383.

Requiring submission to physical examination or test as violation of constitutional rights. 164 ALR 968, s. 25 ALR2d 1407.

Order denied. Plaintiff appeals by leave granted. Affirmed.

*Church, Wyble, Kritselis & Tesseris* (by *Thomas H. Hay)*, for plaintiff.

*Raymond L. Scodeller*, Prosecuting Attorney for Ingham County, and *Lawrence J. Emery*, Assistant Prosecuting Attorney, for the people.

Before: QUINN, P. J., and BASHARA and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff was arrested for and charged with driving under the influence of intoxicating liquor, MCLA 257.625; MSA 9.2325. Prior to trial, plaintiff moved to dismiss the charges on the grounds that he was denied due process of law and equal protection of law. The basis for this claim was that although the police advised plaintiff of his right to counsel, they refused to permit him to call his attorney before requiring him to submit to a chemical test under the implied consent law, MCLA 257.625c; MSA 9.2325(3). Plaintiff contends that this refusal caused him to decline the chemical test, thereby depriving him of his statutory and constitutional rights to gather evidence in his own behalf. Defendant denied this motion.

Plaintiff sought review of this ruling by writ of superintending control in the circuit court. Thereafter, plaintiff moved for summary judgment. The circuit judge denied this motion and affirmed defendant. On leave granted, plaintiff appeals.

The Breathalyzer test is a fast, safe way to provide at the least evidence of presumption as to whether a driver is under the influence by statutory definition. The attendant delays which may be involved by the process of seeking advice of

counsel would not provide a realistic appraisal of a driver's condition because of the relative rapidity with which the body rids itself of alcohol.

Our Supreme Court spoke cogently to this issue in *Collins v Secretary of State,* 384 Mich 656, 688; 187 NW2d 423 (1971). There, now Chief Justice T. G. KAVANAGH stated:

"This least offensive test of all—the breath test—can be administered quickly and effectively practically on the spot, by a police officer."

The denial of the right to have counsel present prior to taking a Breathalyzer test does not violate the Sixth Amendment rights. The United States Supreme Court in *United States v Wade,* 388 US 218, 228; 87 S Ct 1926, 1933; 18 L Ed 2d 1149 (1967), found that:

"The denial of a right to have his counsel present at such analyses does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial."

We recognize that *Wade* dealt with a line-up, but we find the foregoing quotation equally applicable to the case before us because of the following language in *Wade,* which immediately precedes the above quotation, at 388 US 227, 228:

"The Government characterizes the lineup as a mere preparatory step in the gathering of the prosecution's evidence, not different—for Sixth Amendment purposes —from various other preparatory steps, such as systematized or scientific analyzing of the accused's fingerprints, blood sample, clothing, hair, and the like. We think there are differences which preclude such stages being characterized as critical stages at which the

accused has the right to the presence of his counsel. Knowledge of the techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at trial through the ordinary processes of cross-examination of the Government's expert witnesses and the presentation of the evidence of his own experts."

See also *Schmerber v California,* 384 US 757; 86 S Ct 1826; 16 L Ed 2d 908 (1966), where the Court held that compelling an accused to submit to a blood test over his objection, on the advice of counsel, does not violate the Sixth Amendment right to assistance of counsel.

For the same reason, denial of the right to consult with counsel before an accused decides whether to take the Breathalyzer test does not violate the Sixth Amendment. *State v Petkus,* 110 NH 394; 269 A2d 123 (1970), *cert den,* 402 US 932; 91 S Ct 1522; 28 L Ed 2d 867 (1971).

The mere allowing of a reasonable phone call to counsel prior to administering the test would be a more commendable practice on the part of the police. However, we conclude on the basis of the foregoing that defendant's constitutional rights were not violated.

Affirmed.