345 So.2d 386 (1977)
STATE ex rel. Mary Louise MULLINS, Relator,
v.
The Honorable William T. SWIGERT, As Judge of the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, Respondent.
No. FF-13.
District Court of Appeal of Florida, First District.
April 29, 1977.
Rehearing Denied May 23, 1977.
*387 John B. Fuller, of Savage, Krim, Simmons & Fuller, Ocala, for relator.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for respondent.
PER CURIAM.
Relator filed in this court a suggestion for writ of prohibition in which she contends she cannot be tried on a five count information since her right to speedy trial has been violated. We issued the rule and a return was filed. On July 9, 1976, petitioner was arrested on 17 charges of grand larceny. An information was filed December 29, 1976, 173 days after her arrest, charging her with conspiracy to commit grand larceny, conspiracy to utter a forged instrument, conspiracy to commit forgery, receiving and concealing stolen property and uttering a forged instrument. Arraignment was scheduled for January 3, 1977 and trial was originally set for January 6, 1977. An amended notice of trial was filed resetting the case for January 4, 1977, the 179th day following her arrest. On that day, a hearing was held on petitioner's motion for protective order, or in the alternative, motion for continuance of trial without prejudice to her right to speedy trial. At the conclusion of the hearing the motion was denied and the court, of its own motion, continued the case for trial for a period of 90 days from January 4, 1977, holding that the case was so unusual and so complex due to the number of defendants and the nature of the prosecution or otherwise, that it was unreasonable to expect adequate investigation or preparation within the period of time established by the rule. On January 6, 1977, 181 days after her arrest, relator filed her motion for discharge, pursuant to Fla.R.Crim.P. 3.191. The motion was denied.
We are of the view that the state failed to make a sufficient showing, pursuant to Fla.R.Crim.P. 3.191(f)(ii), that the case was so unusual or complex as to justify the court's order continuing the case for trial beyond 180 days. See State ex rel. Boren v. Sepe, 256 So.2d 259 (Fla.3rd DCA 1972), cert. denied, Fla., 271 So.2d 116. Nevertheless, the court's order of continuance, although erroneous, having been made within the time prescribed by the rule, was within the court's jurisdiction.
The prayer of the suggestion for writ of prohibition is denied and the rule nisi is discharged.
MILLS, Acting C.J., and SMITH and ERVIN, JJ., concur.