362 So.2d 686 (1978)
J.H. TALTON, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2228.
District Court of Appeal of Florida, Fourth District.
August 23, 1978.
Rehearing Denied October 18, 1978.
Chandler R. Muller of Muller & Kirkconnell, Winter Park, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
BASKIN, NATALIE, Associate Judge.
This is an appeal from a judgment and sentence involving two counts of knowingly committing a lewd and lascivious act in the presence of a child under the age of fourteen years. Appellant asserts his Motion for Discharge under the speedy trial rule should have been granted and that the State's Amended Motion to Extend Speedy Trial Period should have been denied. We affirm the trial court's rulings.
On March 8, 1977, prior to the expiration of time permitted under Speedy Trial Demand, the court orally granted the State's Amended Motion to Extend Speedy Trial Period on the basis of exceptional circumstances. The court entered its written order nunc pro tunc on April 27, 1977. In the absence of a valid extension, speedy trial time would have expired by midnight March 11, 1977.
*687 Addressing ourselves to the timeliness of the trial court's order extending speedy trial time, we find that the order was entered before the speedy trial period had run. State ex rel. Smith v. Rudd, 347 So.2d 813 (Fla. 1st DCA 1977). Although Appellant contends that speedy trial time must be extended pursuant to written order of the court, duly rendered, Florida Rule of Criminal Procedure 3.191 does not require that an order be entered in any particular form. The court's oral ruling was reported and entered in writing at a later time. We agree with the court in State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978), that the preparation, execution and filing of a formal written order reciting exceptional circumstances is the preferred course. That course was followed in this case. We are satisfied that the oral ruling was timely.
The trial court's finding that exceptional circumstances existed was a matter within its discretion. State ex rel. Mullins v. Swigert, 345 So.2d 386 (Fla. 1st DCA 1977). No abuse of discretion has been shown.
AFFIRMED.
DAUKSCH and ANSTEAD, JJ., concur.