HENDRY, Judge.
Appellant seeks review of the circuit court appellate division’s order granting a writ of prohibition absolute commanding that the county court be restrained from proceeding further with regard to prosecution on six misdemeanor charges against appellees/relators. We hold that reversal is in order, as prohibition does not lie.
In determining whether the lower court correctly found that appellees were entitled to discharge for violation of their right to speedy trial under Florida Rule of Criminal Procedure 3.191, we have closely scrutinized the facts and circumstances attendant to the state’s “motion for order extending period of time established by Rule 3.191 for trial.”
The state filed its motion for extension on the basis that “exceptional circumstances exist which require a reasonable and necessary delay of the trial.”[1] Copies of *1207 the motion and notice of hearing were mailed to appellees, and oral notification of the hearing was communicated by telephone. Hearing was had before the Honorable Judge Gerald J. Klein on April 24,1978 and the state’s motion was granted and written order entered, extending time for trial to and including thirty days from the date of the order. The following day, April 25, 1978, appellees filed motions for discharge under Rule 3.191, and orders denying same were entered on that date.
Thereafter appellees filed suggestions for writ of prohibition in the appellate division of the circuit court, contending inter alia, that the appellees were entitled to discharge because the state’s recited reasons for extension were not “exceptional circumstances” as defined by Rule 3.191(f). An order to show cause was issued in each case, return was filed; ultimately, the lower tribunal rendered a decision that its writ of prohibition should be made absolute on the basis that the state failed to demonstrate exceptional circumstances.
It must be emphasized that prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction; it is preventive and not corrective in that it commands the one to whom it is directed not to do the thing which the supervisory court is informed the lower tribunal is about to do, and its purpose is to prevent the doing of something not to compel the undoing of something already done, as it cannot be used to revoke an order already entered. State ex rel. Harris v. McCauley, 297 So.2d 825 (Fla.1974); English v. McCrary, 348 So.2d 293 (Fla.1977); State ex rel. Sarasota County v. Boyer, 360 So.2d 388 (Fla.1978).
We have computed the time periods relevant to the instant case and must conclude that the motion for extension of time for trial was timely made, and the county court’s order granting the extension was made within the time prescribed by the rule. Thus the extension order was within the jurisdiction of the county court, and the circuit court should have discharged the writ as it could not revoke an order timely obtained and divest the county court of jurisdiction. See, State ex rel. Mullins v. Swigert, 345 So.2d 386 (Fla. 1st DCA 1977).
It is clear that speedy trial time had not expired when the state obtained the extension order, and jurisdiction remained with the trial court at the time that it entered the extension order. See, State ex rel. Smith v. Rudd, 347 So.2d 813 (Fla. 1st DCA 1977). In the instant case, the record before the appellate division of the circuit court showed on its face that speedy trial time had not run when the appellees moved for discharge. Therefore, the circuit court erred in granting the writ of prohibition.
Reversed.

. For the purposes of this appeal, we need not consider the merits of the parties’ arguments as to what circumstances constitute a sound basis for extension of speedy trial time under Rule 3.191(f).