BASKIN, Judge.
Because the state failed to request a continuance alleging exceptional circumstances within the speedy trial period of Florida Rule of Criminal Procedure 3.191(d)(2), it was incumbent upon the trial court to grant defendant’s motion for discharge. State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA), cert. denied, 359 So.2d 1222 (Fla.1978); State ex rel. Smith v. Rudd, 347 So.2d 813 (Fla. 1st DCA 1977); State v. Wise, 336 So.2d 3 (Fla. 4th DCA 1976); see Muller v. State, 387 So.2d 1037 (Fla. 3d DCA 1980); Klein v. Smith, 366 So.2d 1206 (Fla. 3d DCA 1979). Instead, nearly three months after the speedy trial period had ended, the trial court entered a nunc pro tunc order extending the time for commencing trial.
In view of our holding that further proceedings against the defendant would exceed the trial court’s jurisdiction, we quash the nunc pro tunc order and remand the cause with instructions to discharge defendant Restrepo. We assume it will be unnecessary for us to enter a formal writ of prohibition.