ORFINGER, Judge.
Petitioners seek a writ of prohibition to prohibit respondent from trying them on charges of trafficking in cannabis. Petitioners were taken into custody on May 25, 1981, and the speedy trial period would have run on November 21, 1981. On November 19, 1981, the trial court entered a written order granting the State’s motion to toll the speedy trial time. The trial court specifically found that the case was so unusual and complex as to meet the criteria of Florida Rule of Criminal Procedure 3.191(f), permitting an extension of time on motion by the State under “exceptional circumstances.”
Petitioners contend that the facts upon which the State relied in order to show “exceptional circumstances” do not justify such finding, and that their motion for discharge should have been granted.
Prohibition may be properly granted when a lower tribunal is without jurisdiction or attempting to act in excess of its jurisdiction. Its purpose is to prevent the doing of something, not to undo something already done. English v. McCrary, 348 So.2d 293 (Fla.1977).
Where, as in this case, the trial court grants an extension of time for trial because it finds “unusual circumstances” and the extension order is entered before speedy trial time has run, jurisdiction of the trial court continues, Klein v. Smith, 366 So.2d 1206 (Fla.3d DCA 1979), even if the appellate court believes the extension order to have been in error.[1] State ex rel. Mullins v. Swigert, 345 So.2d 386 (Fla. 1st DCA 1977).
We therefore deny the writ of prohibition without prejudice to the right of petitioner to question the correctness of the extension order and the denial of the motion for discharge on appeal from a final judgment.
Prohibition DENIED.
DAUKSCH, C. J., and SHARP, J., concur.

. We express no view as to the propriety of the extension order entered here.