# STATE OF FLORIDA v. TURKEL
## Case No. 83-0089AC
Seventeenth Judicial Circuit, Broward County

April 15, 1985

### APPEARANCES OF COUNSEL

**James McLane**, Assistant State Attorney, for appellant.
**Richard Hersch** for appellee.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

Defendant/Appellee, Turkel was charged by the State/Appellant with Driving while Under the Influence. The trial, scheduled to begin

on June 14, 1983 was preceded by a Motion of the Defendant to suppress the breathalyzer test, premised upon the arresting officer's refusal to allow the Defendant the right to contact his attorney prior to submitting to the test.

County Court Judge Berkowitz granted Defendant's Motion to Suppress the breathalyzer test indicating that Defendant had the right to telephone his lawyer and seek advice regarding the test and the failure of the police to afford him that request is a basis to preclude the admissibility of the breathalyzer results.

On June 15, 1983, following Judge Berkowitz's oral pronouncement of his decision of the Motion to Suppress, the State orally moved for an extension of the speedy trial period to enable the State to appeal the granting of the suppression order. Following this request further argument on the merits of the Defendant's suppression motion ensued wherein the Court noted:

The State is exercising their right not to continue the trial today in order to have a higher Court rule in this particular issue of law (R-43)

On September 20, 1983, Defendant moved for a discharge of the case contending that the period of time provided by Rule 3.191 of the F.R.C.P. had expired and that there had been no written order entered by the Court extending the speedy trial period, so as to allow the State to take an appeal of Judge Berkowitz's order. The State countered that such an order was not submitted for the Court's signature, since the Court had not yet entered an order granting the Motion to Suppress, a prerequisite before the extension order can be entered.

On October 20, 1983, a written order was entered extending the Speedy Trial Time Period Pending Appeal.

On October 25, 1983, the lower Court entered a written order denying Defendant's Motion for Discharge. On November 17, 1983, a written order was entered by Judge Berkowitz granting the Motion to Suppress the Breathalyzer Test.

## OPINION

### POINT I

Both the Florida Supreme Court in *State v. Mitchell*, 245 So.2d 618 (Fla. 1971) and the United States Supreme Court in *Schmerber v. California*, 384 U.S. 757 have held that the results of tests to determine blood alcohol content are not self-incriminating testimonial communications barred by the Fifth Amendment. Thus, the products of field

sobriety and chemical breath tests are admissible as potential incriminating evidence against an accused if he consents to such testing. By operation of law, Section 322.261(1)(a), Florida Statutes, a driver impliedly furnishes his consent to submit to such testing procedures by applying for and being granted the privilege to operate a motor vehicle in the State.

Although under Section 322.261, Defendant had no right to be informed of his right to refuse to submit to the testing, *Sambrine v. State*, 386 So.2d 546 (Fla. 1980) the record below (R.7) indicates he nevertheless was informed of his right to refuse to be tested. This refusal privilege was communicated to the Defendant following the arresting officer's repeated admonishment to him that he would not be allowed, despite his several requests, to contact his attorney before deciding whether to take the breathalyzer test.

Concededly, the results of refusing to submit to the breathalyzer test leave one with a *Hobson's Choice* since Section 316.1932(1)(a) provides that the refusal to submit such testimony shall be admissible in an criminal proceeding, see *Lampkin v. State*, 445 So.2d 673 (Fla. 4th DCA 1984) and *State v. Whitehead*, 443 So.2d 196 (Fla. 3rd DCA 1983) upholding the constitutionality of said statute, relying upon *South Dakota v. Neville*, 459 U.S. (1983). Moreover, Section 322.261(1)(a) further provides that failure to undertake a breathalyzer will result in a three month suspension of one's driving privilege.

It is readily apparent that the Legislature of the State of Florida through its comprehensive and indisputably tough D.W.I. statutory scheme, i.e. Section 316.1932(1)(a) and Section 322.261(1)(a) has expressed a compelling state interest in regulating highway safety and protecting the operators of motor vehicles from the ill-fated consequences of incapacitated drivers, *State v. Bender*, 382 So.2d 697 (Fla. 1980).

Although the courts are uniform in analogyzing breathalyzer testing to voice exemplars, fingerprinting and handwriting samples, photographing and lineups insofar as characterizing them as non-testimonial in nature and nonviolative of one's Fifth Amendment privilege against self-incrimination, a distinction needs to be drawn between chemical breath tests and the remaining aforementioned testing insofar as one's Sixth Amendment right to contact counsel or have an attorney present before such testing is initiated. Rule 3.220, F.R.C.P., implicitly provides for the Sixth Amendment right to counsel since it is only after the filing of an information, when an accused has legal representation can the State obtain fingerprints, blood, hair, voice and handwriting samples.

100

An accused's blood type, his hair, voice and handwriting will not alter with the passage of time and thus the lapse of hours, weeks and months will not affect the validity of the testing and comparison process. With respect to a breathalyzer test on the other hand, the timing of the testing is quite crucial since the passage of time and inherent physiological processes may very well eliminate a true reading of a suspected intoxicated driver's alcohol composition at the time he is confronted by law enforcement personnel.

Defendant cites *State v. Bristor*, 682 P.2d 122 (Kan. App. 1984) for the proposition that an individual has a right to counsel before deciding whether to take a breathalyzer test. Counsel for Defendant however, omitted to note that the above cited case was appealed to the Supreme Court of Kansas, *State v. Bristor*, 691 P.2d 1 (Kan. 1984) which in reversing the Court of Appeals, held that a person arrested for driving under the influence of intoxicating liquor has no constitutional right to counsel in order to determine whether to submit to a breathalyzer test because criminal prosecution had not begun at that point.

Relying on the "critical stage analysis" of *United States v. Wade*, 388 U.S. 218 (1967), the Kansas Supreme Court in *Bristor, supra*, p. 5. concluded:

> While the decision is "critical" to each individual who is arrested for DUI, we do not believe it is critical in the constitutional sense. The United States Supreme Court has not found a right to counsel attaches when there is merely an important decision to be made. Nor has the Court found a right to counsel for every person from whom evidence is sought during the course of an investigation. Not every evidence gathering procedure is a critical stage.

The United States Supreme Court in *Kirby v. Illinois*, 406 U.S. 682 clearly limited the scope of that which may be deemed a critical stage of the criminal prosecution. It held that the Sixth Amendment right to counsel does not attach until or after the initiation of an adversarial criminal proceeding by way of indictment, information or other formal charge arraignment or a preliminary hearing.

On the basis of *Wade* and *kirby*, this Court concludes that the majority of states confronting the issue *sub judice* have followed the rationale of the Kansas Supreme Court in *Bristor*:

> *Sites v. State*, 300 Md. 720, 481 A.2d 192 (Md. 1984); *Campbell v. Superior Court* 106 Ariz. 542, 479 P.2d 685 (1971); *State v. Vietor*, 261 N.W.2d 828 (Iowa 1978); *State v. Jones*, 457 A.2d 1116 (Me.

101

1983); *Spradling v. Beimeke*, 528 S.W.2d 759 (Mo. 1975); *State v. Pethus*, 110 N.H.394, 269 A.2d 123 (1970) *cert. denied*, 402 U.S. 932, 91 S.Ct. 1522 (1971); *Seders v. Powell*, 298 N.C. 453, 259 S.E.2d 544 (1979); *McNulty v. Curry*, 42 Ohio St.2d 341, 328 N.E.2d 798 (1975); *State v. Newton*, 291 Or. 788, 636 P.2d. 393 (1981); *Law v. Danville*, 212 Va. 702.187. S.E.2d 197 (1972); *Holmberg v. 54-A Judicial District Judge*, 60 Mich. App. 757, 231 N.W. 2d 543 (1975)

Only a minority of states have held that a Sixth Amendment right to counsel does afford a person apprehended for drunk driving a right to communicate with counsel before deciding whether to take a chemical sobriety test:

*State v. Welch*, 135 Vt. 316, 376 A.2d 351 (1977); *State v. Fitzsimmons*, 93 Wash.2d 436, 610 P.2d 893 (1980)

The Florida Supreme Court has yet to address the issue now before this Court. In the only reported appellate decision in this State confronting this precise question, the Second District Court of Appeals in *Pastori v. State*, 456 So.2d 1212 (Fla. 2d DCA 1984) held that the results of breathalyzer testing are admissible although a defendant requested, but was denied an opportunity to consult with an attorney before the test was administered.

In view of the foregoing, this Court is compelled to reverse the lower court's decision suppressing the results of the Defendant's breathalyzer test and holds that the Defendant had no right to consult or communicate with an attorney before submitting to the testing procedure.

## POINT II

Defendant contends Judge Berkowitz did not orally rule on the State's request for an extension of the speedy trial period to appeal the Court's verbal pronouncement of its intentions to grant the Motion to Suppress the result of the breathalyzer examination. A written order extending speedy trial was not entered until October 27, 1983, after the expiration of the speedy trial period.

Unquestionably, the State's request for an extension was timely and specifically made. At issue is whether the lower Court actually granted such request. It is clear that despite the fact that a written order extending speedy trial is not entered until after the speedy trial period has expired, if prior to the expiration of speedy trial, the trial court has orally granted the State's motion on the basis of exceptional circumstances, the oral order extending the period is timely. *J.H. Talton v. State*, 362 So.2d 686 (Fla. 4th DCA 1978).

102

It is the opinion of this Court that Judge Berkowitz's statement on the record although not immediately made in response to the State's motion for an extension to the effect that:

. . . The State is exercising their right not to continue the trial today in order to have a higher Court rule in this particular issue of law (R.43)

was a clear reflection by that Court of its granting of the State's extension request. A hearing on this very issue was held before Judge Berkowitz on September 20, 1983 which subsequently resulted in his entry of the October 27, 1983 Order granting the State's motion to extend the speedy trial time period. In that very order the lower Court made a specific finding that on June 14, 1983 he orally granted the State's oral extension motion. There being no ambiguity as to what the Court ruled and intended to rule, the argument that the speedy trial period was not properly extended is without merit.

Reversed in part, Affirmed in part and Remanded for further Proceedings.