WOLF, Judge.
Bradley challenges his conviction and sentence for two counts of lewd and lascivious behavior on a child under 16. He asserts on appeal (1) the trial court erred in denying appellant’s motion for discharge and in granting the state’s motion to extend the speedy trial period; (2) the trial court erred in impermissibly delegating to *246 Probation and Parole the authority to determine the appropriate amount of restitution; and (3) that the trial court erred in imposing court costs without adequate pri- or notice to appellant.
We affirm as to issues I and III, but find merit in appellant’s position as to issue II.
The defendant alleges that the trial court erred in granting the state’s motion to extend the speedy trial period. The state’s motion was based upon the inability to obtain results from blood tests which would indicate whether appellant was the father of the child born to the victim. The defense in the trial court argued that the state did not use diligence in timely obtaining blood from the defendant since he was in state custody and available during the entire speedy trial period. The state, however, did not rely on its inability to find the appellant, rather it represented that it had only recently been able to locate the victim and her child. Obtaining blood samples from the appellant would have been a useless effort without also being able to obtain blood samples from the child. The defense never questioned the state’s diligence in locating the victim and her child. We decline to address the sufficiency of the state’s efforts in this regard for the first time on appeal and find that the trial judge did not abuse his discretion in granting the state’s motion to extend the speedy trial pursuant to rule 3.191(d)(2), Florida Rules of Criminal Procedure. Talton v. State, 362 So.2d 686 (Fla. 4th DCA 1978), cert. denied, 370 So.2d 462 (Fla.1979).
As to the cost issue, the procedure utilized by the trial court in imposing costs complied with the procedural requirements of State v. Beasley, 580 So.2d 139 (Fla.1991). Thus, this issue must be affirmed.
The state concedes that it was improper for the trial judge to delegate to Probation and Parole the responsibility to determine the appropriate amount of restitution. Huffman v. State, 472 So.2d 469 (Fla. 1st DCA 1985), rev. denied, 482 So.2d 348 (Fla.1986). The appellant must be re-sentenced.
Accordingly, the judgment is affirmed, but the sentence is set aside and the case is remanded for resentencing.
SMITH and BARFIELD, JJ., concur.