## Richmond

LEON ALFRED LAW v. CITY OF DANVILLE.

March 6, 1972.

Record No. 7774.

Present, Snead, C.J., Gordon, Harrison, Cochran and Harman, JJ.

*John W. Carter (Carter & Wilson,* on brief), for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

GORDON, J., delivered the opinion of the court.

Leon Alfred Law asks us to reverse his conviction of driving while intoxicated because he was denied the right to consult with his counsel before refusing to take a blood test. He relies on the right to assistance of counsel in criminal proceedings guaranteed by the Sixth and Fourteenth Amendments to the Federal Constitution and by Article I, § 8, of the State Constitution.

In *Deaner* v. *Commonwealth,* 210 Va. 285, 170 S.E.2d 199 (1969), we were asked to reverse a revocation of a driver's license for failure

to take a blood test on the same ground, denial of right to consult with counsel before refusing to take a blood test. In that case, the special assistant to the Attorney General conceded at oral argument that reversal would be proper if the proceeding were criminal in nature. So issue was joined only on the question whether the proceeding was criminal or civil. Our decision that the proceeding in *Deaner* was civil has no bearing on this criminal prosecution for driving while intoxicated.

Law was brought before a magistrate after he was arrested. Although the evidence presents a factual question, we will assume for the purpose of this opinion that Law requested but was denied permission to consult with his attorney before he decided whether to submit to a blood test. After Law had refused to submit to the test and the magistrate had certified his refusal as provided in Code § 18.1-55.1(j), Law agreed to submit to a blood test. He was not permitted to do so, a fact we will refer to later.

[█] The denial of the right to have counsel present at preparatory steps, such as the taking or analyzing of a blood sample does not violate the Sixth Amendment; such preparatory steps "are not critical steps since there is minimal risk that . . . absence [of counsel for the accused] at such stages might derogate from his right to a fair trial". *United States* v. *Wade*, 388 U.S. 218, 227-28 (1967); *see Schmerber* v. *California*, 384 U.S. 757 (1966) (compelling an accused to submit to a blood test over his objection on advice of counsel does not violate Sixth Amendment right to assistance of counsel). For the same reason, denial of the right to consult with counsel before an accused decides whether to take a blood test does not violate the Sixth Amendment. *State* v. *Petkus*, 110 N.H. 394, 269 A.2d 123 (1970), *cert. denied*, 402 U.S. 932 (1971). Nor does such a denial impair an accused's right to a trial "by the law of the land" guaranteed by Article I, § 8, of the State Constitution. We therefore reject the defendant's contention that his constitutional rights were violated.

█ Code § 18.1-55.1(c) provides that after an accused has refused to submit to a blood test and that fact has been certified by a magistrate as provided in Code § 18.1-55.1(j), "no blood sample shall be taken even though he [the accused] may thereafter request same". Va. Code Ann. § 18.1-55.1(c) (Supp. 1971). Accordingly, the magistrate declined to permit Law to submit to a blood test when Law indicated his desire to do so after the magistrate had certified Law's refusal.

At Law's trial, defense counsel offered evidence that Law had agreed to take the blood test after the certificate of refusal had been executed. The trial court refused to admit this evidence, and Law assigns error to the court's refusal. This evidence being irrelevant, the trial court properly excluded it.

*Affirmed.*