STATE OF CONNECTICUT *v.* JOSEPH W. CICHOWSKI
(12790)
(12791)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued January 9—decision released April 7, 1987

*Robert M. Axelrod,* with whom, on the brief, was *Norman B. Teague,* for the appellant (defendant).

*James G. Clark,* assistant state's attorney, with whom were *James Turcotte,* deputy assistant state's attorney, and, on the brief, *Frank M. D'Addabbo,* assistant state's attorney, *Carl Schuman,* former assistant state's attorney, and *Mary K. Miller,* law student intern, for the appellee (state).

CALLAHAN, J. The dispositive issue in these appeals is whether an accused, who is charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a, has a sixth amendment right to counsel when deciding whether to submit to a chemical test of the alcohol content in his blood. The defendant was arrested on two separate occasions and each time charged with violating General Statutes § 14-227a. In the first case, after a jury trial, he was convicted and a fine of $500 plus costs was imposed by the trial court, *DeMayo, J.* In the second case, the trial court, *DeMayo, J.*, accepted the defendant's conditional plea of nolo contendere under General Statutes § 54-94a,[1] entered a finding of guilty, and sentenced the defendant to thirty days in jail suspended after forty-eight hours, with probation for one year and also fined him $750 plus costs. In both cases, the defendant filed motions to dismiss prior to trial claiming that he had been denied his sixth amendment right to counsel when deciding whether to submit to a chemical test of the alcohol content in his blood. Subsequent to conducting a combined evidentiary hearing, the trial court, *Susco, J.*, denied the defendant's motions. On appeal, the defendant claims that the trial court erred in denying his motions to dismiss. We find no error.

---

[1] "[General Statutes] Sec. 54-94a. CONDITIONAL NOLO CONTENDERE PLEA. APPEAL OF DENIAL OF MOTION TO SUPPRESS OR DISMISS. When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

I

The facts relevant to the issue raised in this appeal are as follows.[2] After the defendant's first arrest, he was taken to Wallingford police headquarters. There, he was informed of his rights under *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and advised of his chemical test options as provided for in General Statutes § 14-227b (a).[3] The defendant responded that he would not submit to any of the tests under § 14-227b (a). After requesting and receiving permission to contact his attorney, Vincent McManus, the defendant refused for a second time to take any of the tests.[4] McManus arrived at the police station shortly thereafter, consulted with the defendant, and then informed the police officer that his client was refusing to submit to a blood test. He indicated, however, that he wished to consult further with his client because the defendant was considering taking the intoximeter or "breath test." Officer David Blythe responded that McManus and the defendant could confer in the hallway, but that he wanted to be present so that he could observe whether the defendant "smoked, ate, drank, belched, or vomited," actions which might affect the results of the intoximeter. McManus agreed, but the defendant objected to the police officer's presence in the hallway. Blythe, noting the defendant's two prior refusals to submit to any of the chemical tests,

---

[2] The factual circumstances surrounding the defendant's arrest in each case are not in dispute, and, therefore, will not be discussed in this appeal.

[3] General Statutes § 14-227b (a) provides: "IMPLIED CONSENT TO TEST. REFUSAL TO SUBMIT TO TEST. REVOCATION AND SUSPENSION OF LICENSE. HEARING. (a) Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine and, if said person is a minor, his parent or parents or guardian shall also be deemed to have given his consent. . . ."

[4] Both the defendant and the state indicate that the police did not construe the defendant's first two remarks concerning the test as a final refusal.

informed the defendant and McManus that if he (Blythe) left, he would not administer the intoximeter test to the defendant. At this point, McManus informed the officer that his client would not take the intoximeter test.

In the second case, after the defendant's arrest, Sergeant Donald McNeil of the Wallingford police department advised the defendant of his rights under *Miranda v. Arizona,* supra, and another police officer informed him of his chemical test options under § 14-227b (a). The defendant stated that he wished to consult with Attorney McManus. At that point, McNeil attempted to telephone McManus for the defendant, apparently calling him at his office, rather than at his home. For whatever reason, the police were unable to contact McManus.[5] The defendant then refused to submit to any of the chemical tests.

On the basis of these facts, the defendant asks this court to vacate his two convictions and order dismissal of the charges, claiming first, that he has a constitutional right to counsel when deciding whether to submit to a chemical alcohol test, and, second, that the Wallingford police officers interfered with this right. Because we find that the sixth amendment right to counsel does not extend to an accused's decision whether to consent to a chemical test prior to the formal initiation of a criminal prosecution, we do not reach the defendant's second claim of error.

## II

The defendant, relying on *Kirby* v. *Illinois,* 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411 (1972), argues

---

[5] There is some dispute as to whether McNeil telephoned McManus at his office, or at his home on the Saturday evening of the defendant's arrest. The defendant argues that the police were negligent in their attempt to contact the defendant's attorney. Because of our disposition of the sixth amendment issue in this case, we do not reach this argument of the defendant.

that the sixth amendment right to counsel[6] extends to the decision to submit to a chemical sobriety test. He asserts that the pretest period is a "critical stage" of the drunk driving prosecution in that the defendant must make a trial strategy decision as to whether to submit to any of the tests as provided in § 14-227b. He also argues that he is entitled to counsel at this stage because the adversarial process was initiated at the moment he was arrested and charged. We disagree.

"The Sixth Amendment guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense.' " *United States* v. *Gouveia,* 467 U.S. 180, 187, 104 S. Ct. 2292, 81 L. Ed. 2d 146 (1984). This right attaches only "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby* v. *Illinois,* supra, 689; *State* v. *Falcon,* 196 Conn. 557, 560–61, 494 A.2d 1190 (1985); *State* v. *Vitale,* 190 Conn. 219, 232, 460 A.2d 961 (1983); *State* v. *Ledbetter,* 185 Conn. 607, 609, 441 A.2d 595 (1981). The United States Supreme Court has indicated that the sixth amendment's core purpose "is to assure that in any 'criminal prosecutio[n],' U.S. Const., Amdt. 6, the accused shall not be left to his own devices in facing the ' "prosecutorial forces of organized society." ' *Maine* v. *Moulton,* [474 U.S. 159, 170, 106 S. Ct. 477, 88 L. Ed. 2d 481 (1985)] (quoting *Kirby* v. *Illinois,* [supra, 689]). By its very terms, it becomes applicable only when the government's role shifts from investigation to accusation. For it is only then that the assistance of one versed in the 'intricacies . . . of law,' [*Maine* v. *Moulton,* supra], is needed to assure that the

---

[6] We note that the defendant has not asserted a claim under the state constitutional counterpart to the sixth amendment right to counsel. See Conn. Const., art. I, § 8.

prosecution's case encounters 'the crucible of meaningful adversarial testing.' *United States* v. *Cronic,* 466 U.S. 648, 656 [104 S. Ct. 2039, 80 L. Ed. 2d 657] (1984)." *Moran* v. *Burbine,* 475 U.S. 412, 430, 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986).

We have consistently adopted the reasoning of the United States Supreme Court with respect to when the sixth amendment right to counsel attaches in a criminal proceeding, finding that "[n]o *right* to counsel attaches until prosecution has commenced." (Emphasis in original.) *State* v. *Ferrell,* 191 Conn. 37, 44 n.10, 463 A.2d 573 (1983); see, e.g., *State* v. *Falcon,* supra (neither the issuance of an arrest warrant nor the initiation of extradition proceedings against the defendant constitutes the commencement of adversarial proceedings for purposes of the sixth amendment right to counsel); *State* v. *Vitale,* supra (no sixth amendment right to counsel during the period between arrest and the filing of an information or indictment). In both of the present cases, the defendant was not formally charged with violating § 14-227a until after he decided not to submit to a chemical test of the alcohol content of his blood. We, therefore, conclude that no sixth amendment right to counsel attached before the defendant decided to refuse to submit to any of the chemical sobriety tests.[7]

There is no error.

In this opinion the other justices concurred.

---

[7] The majority of jurisdictions which have addressed the issue raised in this appeal have also declined to find that a sixth amendment right to counsel attaches at the time a defendant is deciding whether to take a chemical sobriety test. See *Campbell* v. *Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971); *State* v. *Vietor,* 261 N.W.2d 828 (Iowa 1978); *State* v. *Jones,* 457 A.2d 1116 (Me. 1983); *Sites* v. *State,* 300 Md. 702, 481 A.2d 192 (1984); *Holmberg* v. *54-A Judicial District Judge,* 60 Mich. App. 757, 231 N.W.2d 543 (1975); *Spradling* v. *Deimeke,* 528 S.W.2d 759 (Mo. 1975); *State* v. *Petkus,* 110 N.H. 394, 269 A.2d 123 (1970), cert. denied, 402 U.S. 932, 91

S. Ct. 1522, 28 L. Ed. 2d 867 (1971); *Seders* v. *Powell,* 298 N.C. 453, 259 S.E.2d 544 (1979); *McNulty* v. *Curry,* 42 Ohio St. 2d 341, 328 N.E.2d 798 (1975); *State* v. *Newton,* 291 Or. 788, 636 P.2d 393 (1981); *Law* v. *Danville,* 212 Va. 702, 187 S.E.2d 197 (1972); see also *Nyflot* v. *Minnesota Commissioner of Public Safety,* 474 U.S. 1027, 106 S. Ct. 586, 88 L. Ed. 2d 567 (1985) (appeal, in which the defendant claimed a sixth amendment right to counsel with respect to the decision whether to consent to a blood alcohol test, was dismissed for want of substantial federal question).