JAY F. CLARK *v.* BENJAMIN A. MUZIO, COMMISSIONER
OF DEPARTMENT OF MOTOR VEHICLES
(5581)

SPALLONE, O'CONNELL and NORCOTT, Js.

Submitted on briefs February 5—decision released April 26, 1988

*Michael J. Dodson, Aaron P. Slitt* and *Brian M. O'Connell,* certified legal intern, filed a brief for the appellant (plaintiff).

*Joseph I. Lieberman,* attorney general, and *Cornelius F. Tuohy, John F. Gill* and *Carl J. Schuman,* assistant attorneys general, filed a brief for the appellee (defendant).

SPALLONE, J. The plaintiff appeals from the judgment of the trial court dismissing his administrative appeal.

On October 6, 1984, Officer John P. Kraft, a member of the New Britain police department, investigated a collision in a church parking lot involving the plaintiff's automobile. The plaintiff was identified by witnesses present at the time of the accident as the vehicle's operator. On the basis of the information supplied by the witnesses and his own observations of the plaintiff, including the plaintiff's performance of a field sobriety test, the officer arrested him for operating under the influence of liquor.

Kraft, pursuant to the provisions of General Statutes (Rev. to 1983) § 14-227b,[1] requested that the plaintiff submit to a chemical analysis to determine the alcohol content of his blood. The plaintiff responded that he wanted to talk to his lawyer before deciding whether to submit to the test. The plaintiff's response was construed by Kraft as a refusal to take the test until the plaintiff could consult an attorney.

After conducting a hearing and making the required affirmative findings of fact,[2] the commissioner of motor

[1] General Statutes (Rev. to 1983) § 14-227b (a) created an implied consent to submit to chemical testing on behalf of anyone operating a motor vehicle in this state. The remaining subsections of the provision, (b) through (h), detail the ramifications of an individual's refusal to be so tested.

This section was amended, effective October 1, 1985, by Public Acts 1985, No. 85-596, § 2 (b), which added a requirement that the arrestee be "afforded a reasonable opportunity to telephone an attorney prior to the performance of [the chemical analysis] . . . ." General Statutes (Rev. to 1987) § 14-227b (b). Because the plaintiff's arrest occurred prior to the effective date of this revision, however, this option was not available to the plaintiff.

Although we do not find the amendment controlling in this case, we attach significance to its passage. A legislative amendment carries with it a presumption that it effects a change in existing law. *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 21 n.6, 434 A.2d 293 (1980). We may safely presume that prior to the enactment of Public Acts 1985, No. 85-596, no right to consult with counsel existed under these circumstances.

[2] General Statutes § 14-227b (d) requires that the following questions be answered in the affirmative: "(1) Did the police officer have probable cause to arrest the person for operating a motor vehicle under the influence of

vehicles ordered that the plaintiff's license be suspended for a period of six months. The plaintiff appealed the suspension to the Superior Court. In its memorandum of decision, the court, *Hammer, J.*, found that the administrative record reasonably supported the commissioner's findings that there was probable cause to arrest the plaintiff, that the arresting officer adequately warned the plaintiff of the possible consequences of his refusal to submit to the test, and that the plaintiff did not have a constitutional right to consult with an attorney before deciding whether he would take the test.

On appeal, the plaintiff claims that the trial court erred (1) in dismissing the plaintiff's administrative appeal on the ground that the plaintiff's request to communicate with an attorney under the circumstances in this case constituted a refusal, and (2) in dismissing the plaintiff's administrative appeal on the ground that the failure of the plaintiff to be given a reasonable opportunity to contact an attorney violated the plaintiff's constitutional rights under the sixth and fourteenth amendments to the United States constitution.

We hold that neither claim of error is sustainable. The commissioner found, as a factual matter, and the trial court concurred, that the request of the plaintiff to converse with an attorney before agreeing to take the chemical sobriety test constituted a refusal. Such a finding is fully supported by the facts and circumstances in this case and we will not retry this issue. On appeal, the function of this court is limited solely to the determination of whether the decision of the trial court is clearly erroneous. Practice Book § 4061;

intoxicating liquor or drug or both . . . (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis; and (4) was such person operating the motor vehicle." If any of these inquiries are answered in the negative, the commissioner must reinstate the individual's operator's license.

*Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981). We cannot say that the factual finding that the plaintiff refused to take the chemical sobriety test was clearly erroneous.

The plaintiff's second claim of error, that he was denied his constitutional rights to consult with an attorney, is also without merit.[3] This issue is controlled by the holding in *State* v. *Cichowski,* 203 Conn. 97, 523 A.2d 503 (1987). "We, therefore, conclude that no sixth amendment right to counsel attached before the defendant decided to refuse to submit to any of the chemical sobriety tests." (Footnote omitted.) Id., 102.

There is no error.

In this opinion the other judges concurred.

---

[3] In his brief, the plaintiff supports his claim of an infringement of his federal constitutional right to due process, guaranteed by the fourteenth amendment, on only a vague notion of "fundamental fairness." Given our Supreme Court's holding in *State* v. *Cichowski,* 203 Conn. 97, 523 A.2d 503 (1987), we are not persuaded to find a right to counsel under the fourteenth amendment at a point earlier in time than the right to counsel attaches under the sixth amendment. It would be curious indeed to find that the due process clause grants an arrested driver "a right to consult with counsel before deciding whether to take a test that the law says he is required to take . . . ." *Nyflot* v. *Commissioner of Public Safety,* 369 N.W.2d 512, 516–17 (Minn. 1985) (neither sixth nor fourteenth amendment of federal constitution grants right to consult with counsel to drunk driving suspect), appeal dismissed for want of a substantial federal question, 474 U.S. 1027, 106 S. Ct. 586, 88 L. Ed. 2d 567 (1985).