STATE OF CONNECTICUT *v.* KEVIN MASLAK
(8039)

BORDEN, SPALLONE and FOTI, Js.

Argued December 19, 1989—decision released February 20, 1990

*Philip N. Walker,* with whom, on the brief, was *John L. Laudati,* for the appellant (defendant).

*Vincent J. Dooley,* deputy assistant state's attorney, with whom, on the brief, were *Frank S. Maco,* state's attorney, and *David Shepack,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals his conviction, after a trial to the court, of operating a motor vehicle

while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. The defendant claims that the trial court erred (1) in convicting him without sufficient evidence, and (2) in admitting evidence of his refusal to submit to a blood alcohol level test, thereby violating his protection against self-incrimination. The defendant's first claim of error is without merit, and we decline to review his second claim.

The evidence introduced at trial reasonably supports the following facts. On November 20, 1988, at about 5:30 p.m., Roderick Ives and his family were in their stopped automobile, waiting to make a left turn across traffic into a driveway. The Ives vehicle had been stopped for twenty to thirty seconds when it was struck in the rear by a vehicle driven by the defendant.

The police arrived and spoke to the defendant. Suspecting that the defendant had recently consumed alcohol, the police administered field sobriety tests. The defendant failed to recite the alphabet properly, failed the finger-to-nose test, failed the balance test and failed the pick-up test. The defendant refused to take any additional field tests and, after arrest, refused to submit to any blood chemical testing. During the defendant's trial, an investigating officer testified that the defendant refused to submit to a blood alcohol level test. The defendant was convicted, and this appeal followed.

The defendant first claims that there was insufficient evidence to convict him of drunken driving. The record and transcripts disclose otherwise. The appropriate standard of review with respect to a sufficiency claim " ' "is whether the [court] could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." ' " *State* v.

*Ruth,* 16 Conn. App. 148, 153, 547 A.2d 548 (1988), cert. denied, 209 Conn. 827, 552 A.2d 434 (1989), quoting *State* v. *Bember,* 183 Conn. 394, 397, 439 A.2d 387 (1981).

Eyewitnesses to the collision and the investigating officers testified to the defendant's agitation, his need to be physically restrained, his failed field sobriety tests, his mood swings, his belligerent and hostile demeanor, and the strong smell of liquor on his breath. This evidence is sufficient to support the defendant's conviction of a violation of General Statutes § 14-227a.

In his second claim of error, the defendant for the first time argues that the admission of evidence of his refusal to submit to a blood alcohol test violated his right against self-incrimination under the constitution of Connecticut, article first, § 8. An unpreserved claim of constitutional error at trial will not be reviewed unless the record supports a claim alleging a violation of a fundamental right. *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Pursuant to General Statutes § 14-227b, a motor vehicle operator is deemed to have consented to a blood chemical analysis and, if arrested for driving under the influence of alcohol, shall be informed that a refusal to submit to such analysis may be used against him in a criminal prosecution. The defendant here has no constitutional right to refuse a chemical analysis of his blood and no constitutional right to exclude from his trial the evidence of his refusal. See *Volck* v. *Muzio,* 204 Conn. 507, 512–13, 529 A.2d 177 (1987); *Clark* v. *Muzio,* 14 Conn. App. 212, 214, 540 A.2d 1063, cert. denied, 208 Conn. 809, 545 A.2d 1105 (1988). Because the defendant's unpreserved claim is patently not of constitutional magnitude, we will not review it.

There is no error.

In this opinion the othe judges concurred.