[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Commissioner of Motor Vehicles [hereafter called "the Commissioner"] ordering a suspension of the plaintiff's motor vehicle operator's license for a period of six months for refusal to give consent to a test after his arrest for operating under the influence of alcohol, as provided in section 14-227b of the General Statutes, known as the implied consent law. Since the plaintiff was arrested on November 14, 1989, this appeal is governed by the version of the statute which was in effect prior to January 1, 1990, when the statute was amended by Public Act 89-314.
Section 14-227b(a) provides that "any person who operates a motor vehicle in this state shall been deemed to have given his consent to a chemical analysis of his blood, breath or urine. . . ." Section 14-227b(d) provides that if an individual refuses to submit to such a test, the Commissioner of Motor Vehicles shall suspend his license for a period of six months. It further provides that any person whose license has been suspended is entitled to a hearing before the Commissioner which is limited to four issues:
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor; CT Page 1101
(2) Was such person placed under arrest;
 (3) Did such person refuse to submit to the test; and
 (4) Was such person operating the motor vehicle.
The statute further provides that after a hearing the Commissioner shall reinstate the operator's license or operating privileges if any of the issues are found in the negative.
An administrative hearing was held on April 5, 1990. There was evidence from a police officer, William Benson, that he went to the parking lot of a McDonald's restaurant based upon a complaint about a customer. When he arrived there, he observed the plaintiff slouched over the steering wheel of a vehicle whose engine was running. He talked to the plaintiff who had a strong odor of alcohol and who stated that he had consumed a few drinks after attending a funeral that day. At that point the officer attempted to get the defendant to submit to field sobriety tests, known as the California test. The plaintiff failed the heel to toe test for balance, and refused to take any further tests. The officer then placed him under arrest. The plaintiff then refused, in the early morning hours of November 15, 1989, to submit to a chemical test or analysis.
The hearing officer found that the answer to all of the statutory questions was yes, namely that the plaintiff was operating the motor vehicle, the police officer had probable cause to arrest him for driving under the influence of alcohol, the plaintiff was placed under arrest, and refused to submit to the test. He suspended the plaintiff's license for six months. The plaintiff has appealed that decision claiming that the officer did not have probable cause to make the arrest and that the officer's testimony at the administrative hearing was false.
Probable cause to arrest by a police officer exists if: (1) there is probable cause to believe that a crime has been committed; and (2) there is probable cause to believe that the person to be arrested committed that crime. State v. Gasparro, 194 Conn. 96, 105. "Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonable trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that the person arrested had committed an offense." Clark v. Muzio, 40 Conn. Sup. 512, 514, affirmed, CT Page 110214 Conn. App. 212, cert. denied 208 Conn. 809. The amount of evidence necessary to establish probable cause is less than the amount necessary to establish proof beyond a reasonable doubt at trial, and the trier only has to determine whether the government's evidence would warrant a person of reasonable caution to believe that the accused had committed the offense; the amount of evidence necessary to establish probable cause exceeds mere suspicion, but it substantially less than that required for conviction. State v. Patterson,213 Conn. 708, 720. The fine line between mere suspicion and probable cause must be drawn by an act of judgment formed in light of the particular situation and with account taken of all the circumstances. Id., 720, 721.
The evidence presented at the public hearing, including the testimony of the police officer and supporting documents, supports the finding that the police officer had probable cause to arrest the defendant for violating section 14-227a
of the General Statutes. The officer's observations and the performance on the California test gave the officer probable cause that the appellant was under the influence of alcohol. Since the vehicle was running at the time there was also probable cause to find operation.
In an appeal to the courts under section 4-183(j) C.G.S., the court does not retry the case or substitute its judgment for that of the agency on the weight of the evidence or questions of fact. Lieberman v. Board of Labor Relations,216 Conn. 253, 262; Madow v. Muzio, 176 Conn. 374, 376. The court cannot substitute its judgment for that of the Commissioner. Buckley v. Muzio, 200 Conn. 1, 3; C H Enterprises, Inc. v. Commissioner of Motor Vehicles,176 Conn. 11, 12. The credibility of witnesses is within the province of the administrative agency, and under the substantial evidence rule, if there is evidence which reasonably supports the Commissioner's decision, that decision must be upheld. Persico v. Maher, 191 Conn. 384,409. In evaluating whether the conclusions reached meet the substantial evidence standards, the credibility of witnesses is a matter within the province of the agency. Lieb v. Board of Examiners for Nursing, 177 Conn. 78, 86; Briggs v. State Employees Retirement Commission, 13 Conn. App. 477, 482. The Commissioner could find the police officer's testimony to be credible. If the appellant had independent evidence that the police officer was lying he should have presented it at the administrative hearing. It is too late on appeal where the court can only decide whether the Commissioner has acted unreasonably, arbitrarily, illegally or in abuse of his discretion. Buckley v. Muzio, supra, 3; Persico v. Maher, supra, 409. CT Page 1103
The appeal is dismissed.
ROBERT A. FULLER, Judge