[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed this appeal from a decision of the defendant ordering the suspension of the plaintiff's motor vehicle operator's license for a period of ninety days pursuant to Connecticut General Statutes Section 14-227b as amended by P.A. 89-314.
The plaintiff is a resident of Hamden, Connecticut and holds a valid Connecticut driver's license. On August 17, 1990 the plaintiff was arrested by a state police officer and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of P.A. 83-314. On September 6, 1990 a suspension notice was sent to the plaintiff by the defendant informing him that his license would be suspended for ninety days, effective on September 21, 1990. The notice also informed the plaintiff that he was entitled to an administrative hearing on the suspension. The plaintiff requested such a hearing. The request for the hearing has stayed the effective date of the aforementioned suspension.
The hearing requested by the plaintiff was held on September 20, 1990 before a hearing officer designated by the CT Page 5448 defendant. Under the statute the hearing officer, in order to uphold the suspension, must find in the affirmative on the following four issues: (1) The police officer had probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor; (2) The plaintiff was placed under arrest; (3) Did the plaintiff submit to a chemical test or analysis and did the results of such test or analysis indicate that at the time of the alleged offense the ratio of alcohol in the blood of the plaintiff was ten-hundredths of one percent (.10) or more of alcohol, by weight; (4) Was the plaintiff operating the motor vehicle.
At the administrative hearing the plaintiff stipulated to the fact that the police officer had probable cause to make the arrest, that he was in fact arrested, and that he was operating a motor vehicle. Therefore, the only issue before the hearing officer was whether there was sufficient evidence to find that at the time of the offense the plaintiff had a blood alcohol count of .10 or more. At the conclusion of the hearing the hearing officer found in the affirmative on the only contested issue and, as a result of this determination, the defendant ordered the suspension of the plaintiff's operator's license for a period of ninety days.
In his appeal the plaintiff claims in the first count that the hearing officer's decision was clearly erroneous in view of the evidence offered at the hearing and therefore the suspension ordered by the defendant was illegal, arbitrary and an abuse of discretion. The basic claim being made in the first count is that, based on the testimony of the plaintiff's expert, Dr. Stolman, there was insufficient evidence to find that the plaintiff had a blood alcohol count of .10 or more at the time of the alleged offense.
The second count of the appeal claims that Connecticut General Statutes Section 14-227b, as amended by P.A. 89-314, is unconstitutional for several reasons.
The scope of review by the court in an appeal of this nature is quite limited. The plaintiff must show that the decision of the defendant is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." Connecticut General Statutes Section 4-183(j)(5). The term "substantial evidence" has been interpreted to mean that if the administrative determination is reasonably supported by the evidence in the record then it must be sustained. See Clark v. Muzio, 40 Conn. Sup. 512, 514, 516 A.2d 160 (1986) (affirmed),14 Conn. App. 212, 540 A.2d 1063, cert. denied, 208 Conn. 809,545 A.2d 1105 (1988). "[T]he credibility of witnesses and the determination of factual issues are matters within the province CT Page 5449 of the administrative agency, and if there is evidence . . . which reasonably supports the decision of the commissioner . . . (the Court) cannot disturb the conclusion reached by him." DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 374,376, 407 A.2d 997 (1978).
The record in this case includes the following: The plaintiff is a forty-nine year old man who was alone in a car which he was operating easterly on Dixwell Avenue in Hamden on August 17, 1990 at 12:21 a.m. He was observed by a state police officer to drive around a vehicle stopped for a red traffic light and through the light without slowing down. The plaintiff failed to stop immediately after the police cards lights and siren were activated, turning left off Dixwell Avenue onto Mather Street where he stopped. He was barefoot and there was an odor of liquor on his breath. The plaintiff claimed he didn't know how to perform the field tests and became uncooperative. He was asked to and did perform several field sobriety tests. In the balance test he was wobbling, swaying and unsure. In the walking test he was staggering and stumbling. He staggered and swayed in performing the timing test. The finger to nose test was performed with hesitation. He was slurring and confused when he attempted to recite the alphabet, and refused to count back from one hundred by fives, claiming he didn't know how. The police officer arrested him for operating under the influence of intoxicating liquor.
At the North Haven police station the plaintiff submitted to two breathalizer tests. The first test was administered at 1:34 a.m. with a reading of .165 and the second at 2:25 a.m. with a reading of 1.42.
The record also contains evidence offered by the plaintiff as follows: The plaintiff has worn partial upper and lower dental plates since 1955 which have been replaced since 1955. The plaintiff submitted a written report from his dentist which confirmed that he wears a maxillary and mandibular partial denture, that "the fit is good but have been worn since 1955, thus wear and spaces do exist." The plaintiff also offered the testimony of Dr. Abraham Stolman who was the Chief Toxicologist for the State of Connecticut Department of Health for thirty-six years. Dr. Stolman was of the opinion that because the plaintiff wears dental plates, alcohol would be retained under the plates, and when one blows into the instrument he would be blowing air not only from the lungs but also from the alcoholic beverage that is affixed to the plates and therefore the readings are not reliable.
The plaintiff claims that the decision of the hearing officer was arbitrary, capricious and an abuse of discretion because she "refused to consider the accuracy of the readings in CT Page 5450 the face of expert testimony, . . . ." It appears that the plaintiff is claiming that since Dr. Stolman's testimony was "uncontradicted" that the hearing officer was required to accept it and find the readings unreliable. The short answer to this claim is that the hearing officer was not required to accept Dr. Stolman's opinion, no matter how expert he may be. See Briggs v. State Employees Retirement Commission, 210 Conn. 214, 217-218
(1989).
It is clear from the record that the hearing officer did consider Dr. Stolman's testimony, she just refused to accept his ultimate opinion that the test results were unreliable. The record is not clear as to the size of the two dentures, how long the present dentures have been in use, or the extent to which the present dentures are loose. There is no evidence that Dr. Stolman ever saw the plaintiff's dentures, which might be one of the reasons that he could not even estimate how much alcohol was trapped in the plaintiff's mouth, or give an opinion as to the margin of error. The court is of the opinion that, based on the entire record, the hearing officer was warranted in not accepting Dr. Stolman's ultimate opinion that the test results were unreliable, and in finding that the plaintiff did have a, blood alcohol count in excess of .10 at the time of his operation of the motor vehicle.
As far as the claim that the per se statute is unconstitutional the plaintiff did not address this claim in his brief or in oral argument and the court treats this claim as abandoned. In any event the constitutionality of the per se statute has been considered by the Superior Court and it has been found to be constitutional. See Docket Number 295421, Michael J. Draicchio v. Commissioner of Motor Vehicles, Superior Court, New Haven Judicial District, December 6, 1990 (O'Keefe, J.). This court agrees with the reasoning of Judge O'Keefe.
The plaintiff's appeal is dismissed.
WILLIAM L. HADDEN, JR., JUDGE