[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Commissioner of Motor Vehicles (Commissioner) suspending the plaintiff's motor vehicle operator's license for ninety days in accordance with General Statutes Section 14-227b(h). Although the plaintiff raises a number of issues, the Court finds that the hearing officer did not have evidence which reasonably supports his conclusion that at the time of the offense the ratio of alcohol in the plaintiff's blood was ten-hundredths of one percent or more of alcohol by weight. This finding is dispositive of the case.
Connecticut General Statutes Section 14-227b
provides that anyone who operates a motor vehicle in this state is deemed to have given consent to a chemical analysis of the operator's blood, breath or urine if that person is arrested for driving under the influence of intoxicating liquor or for other enumerated offenses. If the person arrested submits to the required test and its results indicate that the ratio of alcohol in said person's blood was ten-hundredths of one percent or more of alcohol by weight, at the time of the offense, that person's operator's license is suspended for ninety days.
In this case, the plaintiff was arrested for driving under the influence of intoxicating liquor. He was notified by the Commissioner that his license would be suspended and that he had a right to a hearing pursuant to Connecticut General Statutes Section 14-227b(d). Connecticut General Statutes Section 14-227b(f) requires that the hearing be limited to the following four issues, all of which must be found in order to suspend the license: (1) whether the police officer had probable cause to arrest the person for operating a motor vehicle while under the influence of alcohol (or the other enumerated offenses); (2) whether the person was placed under arrest; (3) whether the person refused to submit to a test or analysis or whether the test results indicated at the time of CT Page 128 the offense that the blood alcohol level was in excess of that permitted by law; and (4) whether the person was operating the motor vehicle.
The plaintiff appeared at the hearing with counsel. The Commissioner offered no live testimony at the hearing. There, the hearing officer entered into evidence, over the plaintiff's objections, the original of Officer's DWI Arrest and Alcohol Test Refusal or Failure Report (A-44 report), and attached thereto were the two original tapes evidencing the blood alcohol content of the plaintiff at the time the two respective tests were taken. (Exhibit A.)[1] Also entered into evidence was a copy of Groton Police Department Police Accident Report (Exhibit B), to which the plaintiff raised numerous objections including, among others, that there was "no original even to compare this document against." (Trans. p. 13 (lines 8 and 9). Connecticut General Statutes Section4-178 (4) (A provision of the Uniform Administrative Procedure Act) provides that in contested cases "documentary evidence may be received in the form of copies or excerpts, if the original is not readily available and upon request, parties shall be given an opportunity to compare the copy with the original." Initially at the hearing when a copy of the A-44 report was attempted by the hearing officer to be admitted, upon plaintiff's objection, the original of the A-44 (Exhibit A) was admitted rather than the copy. But when the copy of the police report was offered, even though the plaintiff raised numerous objections, including that it was a copy and the original was not made available for comparison, the hearing officer overruled the objection without any finding regarding availability of the original police report and admitted the copy (Exhibit B) into evidence. The Court rules that Exhibit B should not have been admitted into evidence and that no information contained in Exhibit B should be utilized as the basis of any finding or conclusion in this matter.
All findings in this proceeding should therefore be based on Exhibit A (the A-44) including appropriate inferences which may be drawn from same.[2] The evidence properly admitted at the hearing supports the following facts:
On July 20, 1990, a Groton police officer, in response to a report of an accident, arrived at the scene at 14:31 (2:31 p.m.). The plaintiff who owned the vehicle was questioned by the officer and admitted "driving" as well as "drinking several drinks at the Steak Loft." No one else was at the scene except paramedics. The officer observed that the plaintiff's speech was slurred, that plaintiff had an odor of alcoholic beverage and that plaintiff had constricted pupils. Plaintiff was given field tests which he failed. On the CT Page 129 balance test, he wobbled on the walking test, he staggered; on the turning test, he was hesitant; on the alphabet test, he stumbled over several letters; and on the finger-to-nose test, he was hesitant. The plaintiff was arrested for operating a motor vehicle while under the influence of intoxicating liquor. After being apprised of his rights, and the consequences of his decision to take the test, and after affording him an opportunity to telephone an attorney, the plaintiff submitted to a breath test. The first test was administered at 15:11 (3:11 p.m.) with a reading of 0.0276 and the second test at 15:52 (3:52 p.m.) with a reading of 0.234. The hearing officer in summarizing the A-44 found all of these (Trans. p. 14) but, obviously, through an oversight, made no finding that the plaintiff was apprised of his rights and the consequences of taking the test and that he could telephone an attorney if he desired.
The hearing officer, after the hearing, found (first) that the police officer had probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor, (second) that the plaintiff was placed under arrest, (third) that the plaintiff submitted to the test and the results indicated at the time of the offense a BAC of 10 or more, and (fourth) that the plaintiff was operating the motor vehicle. Three of these findings, namely the first, second and fourth, are amply supported by Exhibit A. But the third finding is not supported by Exhibit A nor does Exhibit B, which this Court found to be inadmissible, support this third finding. Connecticut General Statutes Section 14-227b(f) which lists the issues which must be determined at a hearing for suspension of license, as to the third issue where the test is submitted to, requires a determination of whether "at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one percent or more of alcohol, by weight." The alleged offense obviously referred to is that which the person is charged with. In this case, the alleged offense was the operation of a motor vehicle while under the influence of intoxicating liquor. In this case, there is no evidence of the time of the operation other than that it was prior to 2:31 p.m., July 20, 1990. There is little doubt that the plaintiff was operating a motor vehicle at the time of the accident. But when did the accident occur? What time did the police officer receive notification of the accident and by whom? Did the paramedics notify the police? If so, what time did the paramedics arrive? When were they notified and by whom? Did the same person who notified the paramedics also notify the police? Did this person witness the accident, and if so, what time did it occur? Did anyone (other than the plaintiff) witness the accident? Answers to these questions might have CT Page 130 formed the basis for a finding of when the accident occurred. Without knowing the time of the accident, the hearing officer had absolutely no basis for concluding that at the time of the offense (namely, while operating) the ratio of alcohol in the plaintiff's blood exceeded the allowable limits.
The Commissioner cites as support for upholding the license suspension of the plaintiff the case of Jaroszewski v. Commissioner, D.N. 9003258, J.D. of Ansonia/Milford. The facts in Jaroszewski are almost identical with the facts in this case. There, the police are summoned to the scene of an accident, find an overturned vehicle. They do not observe the operation of the vehicle, nor do they find any independent witnesses to the operation of the vehicle. Jaroszewski could barely stand up, his speech was slurred and he had an odor of alcohol. He was arrested for DWI, and brought to the station where he admitted that he had been driving the car and that he had been drinking before the accident. But the Jaruszewski case differs from the present case in that he refused the test, while in this case, the plaintiff submitted to the test.
It should be noted that the third issue to be determined at a suspension hearing is in the alternative. If the person refuses to submit to the test and the hearing officer so finds it is obviously unnecessary to determine the BAC at the time of the offense. Connecticut General Statutes Section 14-227b(h) recognizes the difference between a refusal to take the test and submission thereto by mandating a six-month suspension for refusing to take the test and only ninety days if one submits to the test and "flunks" it. If this plaintiff, Gordon Ulmer, III, had refused to take the test and that fact had been noted on Exhibit A, there would have been ample basis for the suspension order.
In an appeal to the court under Connecticut General Statutes Section 4-183, the court does not retry the case or substitute its judgment for that of the agency on the weight of the evidence or questions of fact. Connecticut General Statutes Section 4-183 (j); Lieberman v. Board of Labor Relations, 216 Conn. 253, 262; Madow v. Muzio, 176 Conn. 374,376; Buckley v. Muzio, 200 Conn. 1, 3; C H Enterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12. If there is evidence which reasonably supports the Commissioner's decision, it must be upheld. Persico v. Maher, 191 Conn. 384,409. Where there is a claim that the agency made an incorrect decision based upon the evidence before it, the court applies the substantial evidence rule, which allows reversal of the decision only if the conclusion reached was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Lawrence v. Kozlowski, 171 Conn. 705, 713; CT Page 131 Persico v. Maher, supra, 409. The question on appeal is whether the Commissioner has acted unreasonably, arbitrarily or in abuse of his discretion. Buckley v. Muzio, supra, 3; New Haven v. Freedman of Information Commission, 205 Conn. 767,773. The substantial evidence rule requires enough evidence to justify, if the trial went to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. Lawrence v. Kozlowski, supra, 713. Where the administrative determination on the four issues in section14-227b(f) is reasonably supported by evidence in the report, the decision must be sustained. Clark v. Muzio, 40 Conn. Sup. 512,514, affirmed 14 Conn. App. 212, cert. denied, 208 Conn. 809. Obviously, where there is no evidence which reasonably supports any one of the necessary determinations, the agency's decision cannot stand.
The Court is fully aware of the magnitude of the drunken driving problem we all face. "The offense of driving under the influence of intoxicating liquor is particularly dangerous. . ." State v. Boucher, 207 Conn. 612, 618 (1988). Nevertheless, in our endeavor to rid our roads of these drivers, who risk not only their lives, but the lives and limbs of innocent victims, we cannot trample on the rights of other citizens. They are entitled to a hearing at which there is submitted evidence which reasonably supports the necessary conclusions justifying the suspension of their licenses to operate a motor vehicle. In this case, there was no evidence which reasonably supported the conclusion that at the time that the plaintiff was operating the motor vehicle, the ratio of alcohol in his blood exceeded the allowable limit.
The plaintiff's appeal is sustained.
Tamborra, J.