[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Eric Brinius, appeals a decision of the Commissioner of Motor Vehicles ordering the suspension of plaintiff's motor vehicle operator's license for a period of six months, pursuant to Connecticut General Statutes § 14-227b, due to the plaintiff's refusal to take a chemical alcohol test.
The facts are as follows. On July 1, 2000, the plaintiff was working as a carpenter in Branford, Connecticut. Upon completion of the day's work, the homeowner gave him a beer. While driving back to Newington, the plaintiff and his companion stopped at a liquor store and bought a twenty-four pack of Doc Otis lemonade malt liquor. In the parking lot of the store, the plaintiff consumed two of those, making a total of three beers consumed at that time. That afternoon the Newington Police Department received a complaint that a green Ford pick up truck was driving northbound on Route 5 and the occupants were throwing bottles out of the vehicle. The police identified the vehicle as it pulled into the parking area of a restaurant on the Berlin Turnpike and blocked several cars in the parking lot. The police observed in the cab of the truck opened bottles of lemonade malt liquor. On the floor were two halves of a twenty-four pack of lemonade malt liquor with six twelve ounce bottles missing. The police noticed an empty bottle of malt liquor and a half-full bottle in the front seat area. They smelled the odor of intoxicating liquor coming from within the vehicle. Lieutenant Stephen Clark of the Newington police spoke with the plaintiff and smelled a slight odor of intoxicating liquor on his breath and his eyes appeared watery. The plaintiff stated that he was driving legally "because there was a federal law that allowed people to drive if they had five beers or less." Lieutenant Clark administered the field sobriety tests with the following results: Plaintiff failed the horizontal gaze nystagmus test; he started the walk-turn test too soon; he could not recite the alphabet beyond the letter "P"; and passed the one leg test. Based upon the failed horizontal gaze nystagmus test, the odor of intoxicating liquor on plaintiff's breath, his watery eyes, and the result of the walk and turn CT Page 14152 test, the plaintiff was placed under arrest for driving while intoxicated.
At the Newington police station, he was requested to take a breath test. The plaintiff testified that he put the nozzle in his mouth and blew as hard as he could. Officer Lavery of the Newington Police Department testified, "When we brought him to take the breath test, I told him to put his hands in his pocket, take a deep breath into his lungs and blow into the machine. He didn't. He kept the breath in his mouth, there was no audible tone from the machine, which is what happens when it is receiving air and the little stars on the redial were not present at all indicating he really wasn't blowing into the machine. He was given two attempts on that to blow, he didn't either time, and the machine printed the card insufficient sample."
The plaintiff asked Lieutenant Clark if he was going to be released and the Lieutenant said he probably would be. "At that point he [plaintiff] threw his hands up and said, if I'm going to be released, I have people working for me that can drive me around for ninety days, I'm not taking the next test."
During the hearing, Officer Lavery was asked whether or not the breathalyzer had been properly calibrated. He testified that the machine tests itself and will not operate if it is not functioning correctly.
Based upon the plaintiff's refusal to take a breath test that would reveal his blood alcohol content, he was arrested for violation of §14-227a, operating while under the influence of liquor.
A hearing was held before a motor vehicle hearing officer on August 3, 2000. The hearing officer rendered his decision on August 3, 2000, making the following finding of facts. (1) The police officer had probable cause to arrest the plaintiff for a violation of subsection (b) of 14-227b; (2) The operator was placed under arrest; (3) The operator refused to submit to a test of his blood alcohol content; (4) The plaintiff was operating the motor vehicle. The hearing officer further found: "Issues of credibility are resolved in favor of the officers' reports and testimony. The sum total of pre-arrest observations support an affirmative finding on probable cause. Even if Brinius can be believed on the insufficient breath, he subsequently refused to continue breath testing." The hearing officer suspended plaintiff's license for a period of six months.
The plaintiff appeals on two grounds: (1) The record reveals insufficient evidence to establish probable cause to arrest the plaintiff for operating under the influence of alcohol; (2) The record reveals CT Page 14153 insufficient evidence to establish that the plaintiff refused to submit to the breathalyzer test.
Probable cause exists "Where the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that the person arrested had committed an offense. [citations omitted] An arrest for driving while under the influence of intoxicating liquor, just as an arrest made for any other criminal offense, may properly be made on a finding of probable cause which is based on circumstantial, as well as direct evidence." Clark v.Muzio, 40 Conn. Sup. 512, 514 (1986) aff'd 14 Conn. App. 212, cert denied, 208 Conn. 809 (1988); State v. Penland, 174 Conn. 153, 155, cert denied, 436 U.S. 906 (1978).
Here the court finds the following facts are sufficient to establish probable cause for the plaintiff's arrest: Officer Lavery observing an open bottle of malt liquor in the truck cab; Officer Lavery observing that the plaintiff's eyes were watery and glassy and that he was argumentative and that his coordination was unsteady; Officer Clark observing an odor of alcohol on the plaintiff's breath; that his eyes appeared watery and plaintiff admitted drinking; the plaintiff failed the horizontal gaze nystagmus, and walk and turn tests. The hearing officer heard further evidence that the plaintiff admitted to having three beers after work and before the arrest. Thus, plaintiff's first ground of appeal is without merit.
On the issue of plaintiff's refusal to take the breath test our law is clear that "`refusing' [within the meaning of § 14-227a] to take a breath test may be accomplished by failure to cooperate as well as by an express refusal." State v. Corbeil, 41 Conn. App. 7, 19 (1996). While the plaintiff testified that he blew as hard as he could into the tube, the officer testified that the plaintiff held his breath and did not blow into the tube, resulting in an invalid sample. When the plaintiff asked whether he would remain in jail and he was told that he would be released on bond, he said that he did not care if his license was suspended for six months because he had a driver to drive him around. He then refused to take the test. There was also some conflicting testimony about the calibration of the machine, but Officer Lavery testified that the machine was functioning properly.
Clearly, the hearing officer had the right to determine the credibility of the witnesses and was not required to believe any witness. DiBenedettov. Commissioner of Motor Vehicles, 168 Conn. 587, 589 (1975). The hearing officer chose to believe the police officer and that determination will not be disturbed by this court. CT Page 14154
The court finds substantial evidence in the record to support the finding of the hearing officer that the plaintiff refused to take the breathalyzer test, and as a consequence, determines that the second ground of appeal of the plaintiff is without merit.
Based on the foregoing, the appeal is dismissed.
 Robert Satter Judge Trial Referee